THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA MCFADDEN, an individual,

                    Plaintiff,

     v.

TEMPLE CORPORATION OF THE
CHURCH OF LATTER DAY SAINTS, a
foreign corporation,

                  Defendant.

CASE NO. C19-1806-JCC

ORDER

This matter comes before the Court on Defendants' Temple Corporation of the Church of Jesus Christ of Latter-day Saints ("Temple Corp") and the Church of Jesus Christ of Latter-day Saints' (the "Church") motion to strike Plaintiff's amended complaint (Dkt. No. 11), Temple Corp's motion for summary judgment (Dkt. No. 13), and Plaintiff's motion to amend her complaint (Dkt. No. 15). Having considered the parties' briefing and the relevant record, the Court hereby DENIES Defendants' motion to strike, GRANTS Temple Corp's motion for summary judgment, and GRANTS Plaintiff's motion to amend for the reasons explained herein.

I.    BACKGROUND

Ensign Ranch is a recreational property used to provide church groups, scouts, and the public a place for campouts and outdoor activities. (Dkt. No. 14 at 2.) Plaintiff allegedly visited the ranch on January 16, 2017. (Dkt. No. 1-1 at 1.) While at the ranch, Plaintiff was purportedly

1   injured when she slipped and fell on some ice. (*See id.*)

2        On May 8, 2019, Plaintiff's counsel sent a settlement demand letter addressed to "The

3   Church of Jesus Christ of Latter-Day Saints." (Dkt. No. 16-10 at 1.) On June 7, 2019, the

4   Church's counsel responded to the letter. (*See* Dkt. No. 12 at 5.) In that response, the Church's

5   counsel stated, "This law firm represents Corporation of the Presiding Bishop of the Church of

6   Jesus Christ of Latter-day Saints (the 'Church'), the title owner of Ensign Ranch in Washington

7   State." (*Id.*) Despite being told that "Corporation of the Presiding Bishop of the Church of Jesus

8   Christ of Latter-day Saints" owned the ranch, Plaintiff filed a complaint against "Temple

9   Corporation of the Church of Jesus Christ of Latter Day Saints" in King County Superior Court

10  on October 4, 2019. (Dkt. No. 1-1 at 1–2.) Plaintiff's complaint alleged that Temple Corp owns

11  Ensign Ranch and was responsible for her injuries. (*Id.*)

12        On October 24, 2019, the Church executed articles of amendment changing its name

13  from "Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints" to

14  "The Church of Jesus Christ of Latter-day Saints." (Dkt. No. 19 at 5.) One day later, Temple

15  Corp's counsel told Plaintiff's counsel over the phone and via email that "The Church of Jesus

16  Christ of Latter-day Saints," not Temple Corp, owned the ranch. (Dkt. No. 12 at 2, 12.)

17  However, Plaintiff's counsel could not find "The Church of Jesus Christ of Latter-day Saints" on

18  the Washington Secretary of State's website because the Church had not yet filed the articles of

19  amendment with the Secretary. (*See id.* at 11; Dkt. No. 19 at 5.)

20        Plaintiff's counsel emailed Temple Corp's counsel that the Church's name did not appear

21  on the Secretary's website, saying he was "happy to amend [the complaint] to make it correct"

22  but that he wanted Defendants to confirm who owned the ranch. (Dkt. No. 12 at 10–11.) Temple

23  Corp's counsel responded by reiterating that the Church owned the ranch and by sending a

24  screenshot from the Kittitas County Assessor's website, which listed the owner as "Church of

25  Latter-day Saints" (which, notably, does not match any of the three names the parties had

26  discussed). (*Id.* at 10.) Temple Corp's counsel also stated, "I'm happy to accept service of a

1 | complaint naming the correct LDS entity . . . . The Church has no problem responding on the

2 | substance; it just always wants the right entity being named." (*Id.*)

3 | Despite being told on multiple occasions that Temple Corp did not own Ensign Ranch,

4 | Plaintiff waited to file an amended complaint until January 13, 2020—59 days after Temple

5 | Corp filed its answer to the original complaint. (*See* Dkt. Nos. 7, 10.) Defendants now move to

6 | strike Plaintiff's amended complaint. (Dkt. No. 11.) In addition, Temple Corp moves for

7 | summary judgment dismissal of Plaintiff's claims against it because it maintains that it does not

8 | own Ensign Ranch. (*See* Dkt. No. 13 at 1–2.) Plaintiff, in turn, moves for leave to amend her

9 | complaint to add the Church as a defendant. (Dkt. No. 15 at 1.)

## II. DISCUSSION

### A. Temple Corp's Motion for Summary Judgment

#### 1. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In deciding whether there is a genuine dispute of material fact, the court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 255. The court is therefore prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

"The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving

1  party properly supports its motion, the nonmoving party "must come forward with 'specific facts

2  showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*

3  *Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately, summary judgment

4  is appropriate against a party who "fails to make a showing sufficient to establish the existence

5  of an element essential to that party's case, and on which that party will bear the burden of proof

6  at trial." *Celotex*, 477 U.S. at 322.

7                2.     <u>The Ownership and Possession of Ensign Ranch</u>

8          Plaintiff brings two premises liability claims in this case. (*See* Dkt. No. 1-1 at 2.) First,

9  Plaintiff brings a claim for negligence, alleging that "[Temple Corp] failed to exercise reasonable

10 care in the maintenance of its property." (*Id.*) Second, Plaintiff brings a claim for "Special

11 Relationship," alleging that "[Temple Corp], as an overnight accommodation, created a special

12 relationship with plaintiff such that its duty of care required it to exercise all possible care in the

13 maintenance of its premises." (*Id.*) To establish Temple Corp's liability for either claim, Plaintiff

14 must prove that Temple Corp owned—or more precisely, possessed—Ensign Ranch. *See Gildon*

15 *v. Simon Prop. Grp., Inc.*, 145 P.3d 1196, 1203 (Wash. 2006).

16         The evidence unequivocally shows that Temple Corp neither owned nor possessed

17 Ensign Ranch. Terry Rudd, the Vice President of Temple Corp and a manager within the real

18 estate services division of the Church, says that Temple Corp owns only places of worship; it has

19 never owned or possessed Ensign Ranch. (Dkt. No. 14 at 1–2.) Mr. Rudd's statement is

20 confirmed by two deeds, which show that "Corporation of the Presiding Bishop of the Church of

21 Jesus Christ of Latter Day Saints"—now named "The Church of Jesus Christ of Latter-day

22 Saints"—purchased the land on which the ranch now stands. (*See* Dkt. No. 19 at 5–6, 14–10).

23 Because the Church owns and operates the ranch, Temple Corp cannot be liable for the injury

24 Plaintiff suffered when she allegedly fell while visiting the ranch. *See Gildon*, 145 P.3d at 1203.

25 Accordingly, the Court GRANTS Temple Corp's motion for summary judgment and

26 DISMISSES Temple Corp as a defendant in this action.

**B.      Plaintiff's Amended Complaint**

Plaintiff argues that she properly filed an amended complaint because Temple Corp consented to her filing that complaint. (*See* Dkt. No. 15 at 6–7.) Alternatively, Plaintiff argues that the Court should grant her leave to amend her complaint. (*See id.* at 7–9.) The Court concludes that although Temple Corp did not consent to Plaintiff amending her complaint, Plaintiff should be given leave to file an amended complaint that substitutes the Church as the defendant in this action.

<u>1.      Consent</u>

Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff to amend a complaint "once as a matter of course"—*i.e.*, without a court's approval—within 21 days after the defendant first serves a responsive pleading or a motion under Rule 12(b), (e), or (f). If a plaintiff can no longer amend their complaint as a "matter of course," then they "may amend . . . only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff claims that Temple Corp consented to Plaintiff amending her complaint when Temple Corp's counsel said in an email dated October 28, 2019, "I'm happy to accept service of a complaint naming the correct LDS entity." (*See* Dkt. No. 15 at 6–7.) But at that time, Plaintiff did not need Temple Corp's consent because Temple Corp had not yet filed its answer. *See* Fed. R. Civ. P. 15(a)(1); (Dkt. No. 7) (answer filed on November 15, 2019). It is, therefore, implausible that Temple Corp intended to consent to Plaintiff filing an amended complaint 59 days after Temple Corp's yet-to-be-filed answer.

<u>2.      Leave to Amend</u>

If a plaintiff does not have the defendant's written consent to file an amended complaint, then the plaintiff must obtain the court's leave to file the complaint. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that "court[s] should freely give leave when justice so requires." When deciding whether to give leave, courts considers four factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877,

880 (9th Cir. 1999). Those factors are weighed "with all inferences in favor of granting the motion." *Id.* "Rule 15's policy of favoring amendments," the Ninth Circuit has said, "should be applied with extreme liberality." *Roth v. Garcia Marques*, 942 F.2d 617, 628 (9th Cir. 1991).

Here, Defendants do not argue that Plaintiff seeks to amend her complaint in bad faith, that allowing Plaintiff to amend her complaint would prejudice Defendants, or that Plaintiff's decision to wait 59 days to amend her complaint constitutes "undue delay" within the meaning of Rule 15. Instead, Defendants argue that allowing Plaintiff to amend her complaint would be futile because the statute of limitations ran on January 16, 2020,[1] and Plaintiff's amendment does not relate back to her original complaint. (*See* Dkt. No. 18 at 8–13.) The Court disagrees.

Under Federal Rule of Civil Procedure 15(c)(1)(C), an amendment that changes the party against whom a claim is asserted relates back to the original complaint if (1) the claim arises out of the "conduct, transaction, or occurrence set out . . . in the original pleading"; (2) the new defendant, within the time for serving a summons or complaint under Rule 4(m), received notice of the action such that it will not be prejudiced in defending the action; and (3) the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)–(C).

All of those elements are met here. First, Plaintiff's amended complaint asserts the same claims that were in her original complaint. (*Compare* Dkt. No. 1-1 at 2, *with* Dkt. No. 10 at 2.) Second, defending those claims will not prejudice the Church because it had notice by at least October 2019 that Plaintiff had mistakenly filed suit against the wrong entity. (*See* Dkt. No. 12 at 10–12.) Finally, the Church knew or should have known that but for Plaintiff's mistake, she would have brought her suit against the Church. In fact, Temple Corp's counsel stated that he

---

[1] Plaintiff argues that she need not rely on the relation back doctrine because she filed her amended complaint on January 13, 2020—before the statute of limitations had run. (*See* Dkt. No. 18 at 11.) Because the Court concludes that her amended complaint relates back, it need not decide whether the Court should deem the complaint filed on January 13, 2020, or on January 28, 2020—the date Plaintiff filed her motion to amend her complaint.

1    was "happy to accept service of a complaint naming [the Church]" because "[t]he Church has no

2    problem responding on the substance" and "always wants the right entity to be name." (*Id.* at

3    10.)

4           Defendants disagree that the third element is met, arguing that the Church did not know

5    Plaintiff had made a mistake concerning who owned the ranch because the owner's identity was

6    so obvious that the Church thought that Plaintiff must have intended to name the wrong entity.

7    (*See* Dkt. No. 18 at 12.) This argument is too clever by half. Mistakes are "erroneous belief[s]."

8    *See Mistake, Black's Law Dictionary* (11th ed. 2019) (defining "mistake" as "[a]n error,

9    misconception, or misunderstanding; an erroneous belief"). They can be big or small. And in this

10   case, Plaintiff's original complaint makes clear that Plaintiff erroneously believed that Temple

11   Corp owned Ensign Ranch. (*See* Dkt. No. 1-1 at 1) ("[P]laintiff was a business invitee of the

12   Ensign Ranch, owned by [Temple Corp]."). Plaintiff's belief was a mistake under any ordinary

13   definition of the word, and the Church should have understood it as such.[2]

14          Defendants also argue that Plaintiff's amended complaint does not relate back because

15   Plaintiff's failure to name the Church sooner is "inexcusable neglect" under Washington law.

16   (*See* Dkt. No. 18 at 9–12.) However, Washington law does not govern whether Plaintiff's

17   amended complaint relates back; Federal Rule of Civil Procedure 15(c)(1) does. *See Johansen v.*

18   *E.I. DuPont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987) (citing *Hanna v. Plumer*,

19   380 U.S. 460, 470 (1965)). Under Rule 15(c)(1), a complaint relates back if "the law that

20

21   _____

     [2] The Court's decision in *Afoa v. China Airlines Ltd.*, C11-0028-JCC, Dkt. No. 115 (W.D. Wash.
22   2013), is not to the contrary. *Afoa* involved a plaintiff who was injured while driving a
     "pushback" that crashed into a cargo loader at Seattle-Tacoma International Airport. *Id.* at 1–2.
23   Given the unique nature of the crash, multiple parties—the owner of the airport, the
     manufacturers of the pushback and cargo loader, *etc.*—could have been liable for the plaintiff's
24   injuries. *See id.* at 4–5. Despite knowing those parties' identities, the plaintiff chose to not bring
     claims against the airport owner in his original complaint. *See id.* at 2–3. When the plaintiff later
25   moved to add the airport owner as a defendant, the Court denied the motion because the plaintiff
     had not named the wrong party under the erroneous belief that they owned the airport; he had
26   simply chosen to not sue the airport owner, whose identity he knew. *See id.* at 4–5. Those facts
     are not analogous to the facts of this case.

provides the applicable statute of limitations allows relation back . . . **or**" the requirements of Rule 15(c)(1)(C) are met.[3] Fed. R. Civ. P. 15(c)(1)(A)–(C) (emphasis added). Those latter requirements turn on "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Accordingly, it does not matter whether Plaintiff should have named the Church sooner; what matters is that the Church should have known that Plaintiff would have named the Church but for her erroneously belief that Temple Corp owned Ensign Ranch. Because the Church should have known that Plaintiff had made a mistake, the Court GRANTS Plaintiff's motion to amend her complaint to add the Church as a defendant. However, given that Temple Corp cannot be liable for Plaintiff's injures, the Court ORDERS Plaintiff to file an amended complaint that does not name Temple Corp as a defendant. The Court further ORDERS Plaintiff to file and serve the amended complaint within 30 days of the date this order is issued.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to strike Plaintiff's amended complaint (Dkt. No. 11) as moot, GRANTS Temple Corp's motion for summary judgment (Dkt. No. 13), and GRANTS Plaintiff's motion to amend (Dkt. No. 15).

DATED this 27th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] In reciting Rule 15(c) in their brief, Defendants incorrectly use the conjunctive "and" between Rule 15(c)(1)(A) and (1)(C). (*See* Dkt. No. 18 at 9.) Those rules are separated by "or." *See* Fed. R. Civ. P. 15(c)(1)(A)–(C). Defendants also misread the Court's prior decision in *Afoa*. (*See* Dkt. No. 18 at 9–12.) In that case, the Court analyzed the relation back issue under both Washington's excusable neglect standard and Rule 15(c)(1)(C). *See Afoa*, C11-0028-JCC, Dkt. No. 115 at 3–5.